STATE *v.* JAMES DOHNEY.

May Term, 1899.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed April 28, 1900.

*Criminal law—Breaking from village lock-up— V. S. 5094—*Breaking from a village lock-up is an offense under V. S. 5094 which relates to the breaking of "a jail or other place in which a person is confined by authority of the State."

*Same*—That the establishment of the village lock-up was later than the original enactment of the statute is immaterial, for there is nothing in the purpose or language of the statute that justifies its limitation to places of confinement already established.

*Same*—There is no such lack of substantial similarity between the village lock-up and the places of confinement known to the law when the statute was originally enacted as prevents the application of the statute to the village lock-up.

*Same—Re-enactment of statute*—If the statute as originally enacted were not applicable, it would be necessary to consider the effect of its re-enactment since the village lock-up was established.

*V. S. 4481—Person arrested as intoxicated may be detained in lock-up*—By V. S. 4481 one arrested as an intoxicated person may be detained in any place within the county, and the general provision for commitment to the lock-up, by officers and other persons having certain process, cannot be held to exclude the lock-up from use as a place for the detention of persons arrested as intoxicated. If a person so arrested is detained in a village lock-up, he is detained in a place of confinement to which the provisions of V. S. 5094 are applicable.

INDICTMENT for breaking from a lock-up in the Village of Northfield. The respondent filed a general demurrer. Demurrer overruled *pro forma* and without hearing, and indictment adjudged sufficient, Washington County, March Term, 1899, *Thompson*, J., presiding. The respondent excepted, and the cause was passed to the Supreme Court before final judgment.

*Richard A. Hoar*, State's Attorney, for the State.

*Frank Plumley* for the respondent.

MUNSON, J. The respondent was arrested as an intoxicated person under V. S. 4481, and placed in the lock-up of the Village of Northfield to be detained until capable of testifying. The indictment is for breaking from this place of confinement while under such detention. It is claimed in support of the demurrer that a village lock-up is not a place of confinement for the breaking of which the statute imposes a penalty, and that even if it be so regarded, there can be no lawful confinement therein except upon process.

The offenses punishable under V. S. 5094 relate to the breaking of "a jail or other place in which a person is confined by authority of the State." This section dates from the laws of 1787, while the village lock-up was first authorized by No. 48, Acts of 1866; and counsel suggest that the lock-up cannot be considered within the provision, because of its later date and its lack of similarity to any place of confinement in existence when the provision was enacted. This argument ignores the re-enactment of the statute of 1787 in revisions subsequent to the act of 1866; but it is not necessary to consider the effect of this re-enactment, for the argument is not sustained by the rules of construction relied upon. The later origin of the lock-up is immaterial, for there is nothing in the purpose or language of the earlier statute that justifies a limitation of its effect to institutions already established. The dissimilarity referred to is not specified, but there is clearly none that can avail the respondent. In the early statutes the clause read, "any jail, or place of confinement, in which any person is confined, * * *." Giving our present statute the construction most favorable to the respondent, it relates to every jail or other place established for the confinement of persons apprehended by the State. The description given determines in what respect the other place must be like the one specifically mentioned, and precludes the application of any technical requirement. Any place then existing or subsequently created for the purpose named is within the scope of the section.

The Act of 1866 authorized village lock-ups for the confinement of persons under arrest, without mention of process. Section 3, No. 63, Acts of 1874, authorized commitments thereto by officers or other persons having certain process. Respondent's counsel argues from this that there can be no lawful detention in a village lock-up without process. We think this conclusion is unwarranted. Section 22, No. 24, Acts of 1852, now V. S. 4481, provides that one arrested as an intoxicated person may be detained "in any place within the county." This provision looks to the convenient and safe detention of intoxicated persons with-

out regard to the character of the place or the ordinary requirements of commitment, and it cannot well be held that the general provision relating to commitments in the lock-up was intended to restrict this comprehensive authority, and exclude from use the places best adapted to meet the purpose of the law. An intoxicated person may be detained in any place, and if detained in a village lock-up he is clearly in a place of confinement to which the provisions of V. S. 5094 are applicable.

*Judgment affirmed and cause remanded.*